'(November 20, 1896.)

# RICE v. BANK OF CAMAS PRAIRIE.

[47 Pac. 856.]

BANKING—PAYMENT OF DEPOSITOR BY BANK.—The court instructs the jury that if the defendant bank paid the money claimed to be due the firm of Holt & Rice, depositors of said bank, to Riley Rice, a member of the firm, and who had authority to draw said money for the firm, and that no receipt, order, check or authority of Holt & Rice was given therefor, written or oral, in the usual course of business, then the defendant is still liable for the money the same as if payment had not been made. *Held*, error.

SAME—DEPOSITOR HAVING AUTHORITY TO DRAW—CAN DO SO WITHOUT WRITTEN ORDER.—However careless and uncommon may be the payment of money by a bank to a depositor who had authority to draw the money, without any written order or receipt, if such payment of the money of the firm was actually so made by the bank, it would be a good payment and the bank would not be further liable.

CIRCUMSTANCES OF PAYMENT FOR JURY.—The circumstances under which the payment is claimed to have been made are proper consideration for the jury in determining whether the payment has been made as claimed.

(Syllabus by the court.)

APPEAL from District Court, Idaho County.

James E. Babb and F. E. Foff, for Appellant.

In so far as the questions which the court allowed to be answered and specified, in the first nine assignments of error, called for the custom of bankers, they were improper, because the only question in this case is, whether the payments were made, and, if made, it is entirely immaterial whether they were made in the usual manner. (*Neff v. Greene County Nat. Bank,* 89 Mo. 581, 1 S. W. 747; *Bruni v. Garza* (Tex. Civ. App.), 26 S. W. 108.) Payment to a partner is payment to the firm, unless expressly forbidden by the other partners. (*Gregg v. James,* Breese (Ill.), 143, 12 Am. Dec. 151; *Mayor v. Hawkes,* 12 Ill. 299; Parsons on Partnership, 172, note w.)

Forney, Smith & Moore and J. W. Poe, for Respondents.

It is the contention of respondents that there was no error committed at the hearing of this cause which in any way could prejudice the rights of defendant. The case was put squarely to the jury, and they found in favor of the plaintiffs. Such verdict on conflicting evidence will not be disturbed in an appellate court. This proposition is too general to need citations.

MORGAN, C. J.—The plaintiffs were livestock dealers in the county of Idaho and its vicinity, and doing banking business with the defendant. The plaintiffs deposited with the defendant, for collection and credit, among other items, a check for $1,000, drawn by Follett Brothers, and one for $850, drawn by the same parties, in favor of the plaintiffs, Holt & Rice. The plaintiffs were never credited with the amount of these checks on the books of the defendant. As a reason for not crediting these amounts, the cashier of the defendant bank states that he paid the $1,000 and the $850—the first sum, $1,000, on or about the 24th of October, 1894; and the second sum, $850, on or about the 3d or 4th of January, 1895—to Riley Rice, a member of the firm of Holt & Rice, at his request, and that said payment was made for the firm of Holt & Rice; taking no check or receipt, or any memorandum whatever, from said Rice for said payment. It is also stated by the cashier, W. W. Brown, that upon paying said amounts to Rice, the checks, respectively, were placed with the cash belonging to said bank, and carried along as cash, until they were forwarded for collection to the bank upon which they were drawn, and collected, and credited to the defendant. The cashier also states that he made no memorandum in the books of the defendant of this transaction with a member of the firm, and did not give the firm credit for the amounts, for the reason above stated. This payment, the cashier claims, was made before the two checks had been sent away to the bank on which they were drawn for collection. Riley Rice, a member of the firm, claims that said payment was never made in the manner stated, or at all, and this is the issue between the parties.

The court refrains from any comments upon the evidence in this case upon either side, for the reason that, on account

of errors in law committed by the court during the progress of the trial, the judgment of the court below must be reversed, and the case sent back for new trial. We have only taken up the specifications of error alleged by the appellant in its brief. In commenting upon these specifications of error, we do not copy the questions objected to, nor many of the instructions which are also objected to in the transcript, for the reason that it would make this opinion altogether too long, and would serve no useful purpose whatever, as by reference to the transcript the parties in the new trial can ascertain upon what points the cause is decided.

The specifications of error Nos. 1 to 9, inclusive, relate to questions permitted to be asked witness Hillard as to the custom of bankers with reference to transactions of the kind in question in this cause. Hillard was introduced by defendant as an expert, to prove the custom of banks in paying out money and keeping accounts, and on cross-examination it was not error to permit the plaintiff to ask the questions objected to, as they related to the custom of banks in such cases, and to the opinion of witness as to method and effect of keeping certain accounts. While not error, it might be difficult to see what value some of the questions could be to either party when answered, but, as proof of custom had been produced by defendant, it was proper for plaintiffs to cross-examine as to the same subject. This disposes of specifications of error Nos. 1 to 9, inclusive.

It was entirely proper for plaintiffs to prove their manner of doing business in explanation of the fact that the alleged error in the accounts was not discovered sooner. It was also proper to prove by expert testimony the physical condition of Mr. Rice, one of the plaintiffs, in explanation of his falling in a fainting or insensible condition when leaving the bank at the time referred to. It was also proper to prove the whereabouts of Rice on the dates on which Mr. Brown, cashier of defendant bank, stated that he paid the money to Rice, as tending to show that he could not have been at the bank of defendant on those dates; and this is proper, although the cashier afterward stated and testified that he might be mistaken as to the date of payment, as, if such evidence was sufficient, it would

prove, not only that he might be mistaken as to date of payment, but that he must be. This disposes of the specifications of errors, Nos. 10 to 25, inclusive.

A number of instructions are objected to. The first, and a very serious, objection which the court finds to the instructions is that there are too many, and they are much too long. They cover, with the preliminary address of the court to the jury, twenty-four closely printed pages of the transcript. So many and such long instructions serve no useful purpose, and tend to confuse the jury. The issues are but few, and very simple. The parties agree as to the amount deposited with the defendant by plaintiffs for credit. The only issues are: Did the defendant pay to Riley Rice, one of the plaintiffs, the $1,850 it claims to have paid? Was such payment properly chargeable to the firm of Holt & Rice? These are the only issues in this case. The statute, however, requires the supreme court to pass upon and determine all the questions of law involved in the case presented on the appeal, and necessary to its final determination. The specifications of error do not take up the instructions in the order they are printed in transcript, and the instructions not being numbered makes it more difficult to get at them. The first instruction objected to we shall call "No. 13," which is as follows: "The court instructs the jury that, although parol proof of the verbal admissions of a party to a suit, when it appears that the admissions were understandingly and deliberately made, often affords satisfactory evidence, yet, as a general rule, the statements of a witness as to the verbal admissions of a party should be received by the jury with great caution, as that kind of evidence is subject to much imperfection and mistake. The party himself may have been misinformed, or may not have clearly expressed his meaning, or the witness may have misunderstood him, and it frequently happens that a witness, by unintentionally altering a few of the expressions really used, gives an effect to the statement completely at variance with what the party did actually say; but it is the province of the jury to weigh such evidence, and give it the consideration to which it is entitled, in view of all the other evidence in the case."
This instruction is, in substance, as follows, to wit: Parol

proof of the verbal admissions of a party to a suit, when un-derstandingly made, is proper evidence, but, as a rule, should be received with caution. It is the duty of the jury, however, to weigh such evidence, and give it the consideration to which it seems entitled, in view of all the other evidence in the case. The rest is useless verbiage, and tends to confuse. The instruction is law, and properly applicable to the case.

Instructions numbered 2, 3, 4, and 5, given apparently by the court on its own motion, are substantially correct.

The second specification of error applies to instruction No. 7, which is: "You are instructed, gentlemen of the jury, that a bank is held to a strict accountability to its depositors for the amount of the deposits made by the depositors; and if, therefore, you find that the money was paid to Riley Rice, as claimed by the defendant, and that no order, receipt, check, or author-ity of the firm of Holt & Rice was given therefor, or some member of the firm, written or oral, in the usual course of business of the said firm, then I instruct you, as a matter of law, that the bank, being held to a strict accountability for deposits, is liable to the plaintiffs in the same manner it would be as if no payment was made, as claimed by the bank, to Rice, then you should return a verdict for the plaintiffs." This instruction practically instructs the jury that if they find the money was paid to Riley Rice, as claimed by defendant, and that no order, receipt, check, or authority of Holt & Rice was given therefor, written or oral, in the usual course of business of the said firm, "then I instruct you that the bank is liable to the plaintiffs, the same as if no payment had been made." This instruction is erroneous. The evidence shows that each member of the firm was authorized to draw the money of the firm from the bank, and use it. A payment, therefore, to Rice, if the jury believe from the evidence that such payment was made, on his order, of any portion of the money of Holt & Rice, would be good. However careless and uncommon may be the payment of money by a bank to a depositor without any written order or receipt, if such payment of the money of the firm was actually so made by the bank to a person au-thorized to draw such money, it would be a good payment, and the bank would not be further liable.

Instruction No. 8, commencing at folio 504, is substantially the same as No. 7, above commented upon, and is erroneous for the same reason.

Instruction No. 6, given by the court, objected to in specification No. 4 on instructions, is substantially correct, but too long, and sufficiently mixed to puzzle the jury.

Instruction No. 1, commencing at folio 492, and continuing to and including folio 495, given by the court, is a dissertation on the custom of merchants, traders, and others in their dealings with banks, mingled with a little law, with all of which every man in the country is familiar; is entirely useless, and simply encumbers the record.

The modification of defendant's instruction No. 11, by the court, taking into consideration the evidence in this case, is a substantially correct statement of the law relating thereto.

The refusal of the court to give instruction No. 10, which is as follows: "The court instructs the jury that if they believe from the evidence that defendant made the payment of $1,000 to Riley Rice, on his request, for the firm, on account of the $1,000 check, then the crediting of plaintiffs with $1,000 only on account of the $1,005 check, was a mistake simply, which is not material in this case"—is assigned as error. There is no error in this refusal. If the jury believe from the evidence that defendant made the payment of the $1,000 to Rice for the firm, then, whether the entry of the $1,000 credit on October 24, 1894, is a mistake or not, is immaterial; but to ask the court to instruct the jury that it was a mistake would not be proper, as it would invade the province of the jury, which alone has the right to determine whether it was an error. Then it is a portion of the evidence to be considered by the jury, to determine whether, under all the facts, the evidence is sufficient to convince them that the payment to Rice was actually made in the manner stated.

The modification of instruction No. 8 was improper. It correctly stated the law. It might, however, have been refused, for the reason that the court had already given the same in his instruction No. 9, commencing at folio No. 505, and ending at folio 507.

We think instruction No. 1 requested by the defendant had been substantially given by the court, and it was not error to refuse it for that reason.

By reason of the error in giving instructions Nos. 7 and 8 given by the court upon his own motion, the judgment and verdict must be reversed, and the cause remanded to the court below for a new trial, which is directed to be had in accordance with this opinion.   Cause reversed.

Sullivan and Huston, JJ., concur.

### ON REHEARING.

#### (February 13, 1897.)

SULLIVAN, C. J.—It is strenuously urged that the court below erred in permitting plaintiffs to prove that Riley Rice was not at the bank of defendant on the 23d or 24th of October, 1894, on one of which days Cashier Brown had stated that the $1,000 was paid to Riley Rice; and also that the court erred in permitting plaintiffs to prove that Riley Rice was not in Grangeville on the 3d or 4th of January, 1895, the date on which Cashier Brown had stated he paid the $850 to said Rice.   The facts following appear from the record: The cause came on for trial by the court with a jury.   The jury having been impaneled, the first witness produced by the plaintiffs was C. E. Holt, one of the plaintiffs.   After the examination of said witness, plaintiffs rested their case.   The defendant thereupon called several witnesses, and among them its cashier, Mr. Brown, and on his cross-examination he was asked if he had not stated to plaintiffs Rhodes and Holt that he paid the $1,000 to Rice on October 23 or 24, 1894, and that he paid the $850 to said Rice on the 3d or 4th of January, 1895.   The witness answered that he probably had so stated; that he would not say that he had not; that he had had time to look the matter up since the conversation with Holt and Rhodes; that the check for $1,000 was sent off for collection on the twenty-fourth day of October.   And on reflection he says that he remembered that the bank carried said check in the vault with the cash, and counted it as cash, for

some time; and it was probably from a week to ten days, or possibly two weeks, before the check became due, that he paid Rice $1,000. Brown thus admitted on the witness-stand that he had made the statements above referred to, and also admitted that he was wrong as to the dates of payment, and no longer claimed that payment was made as he had at first stated. As those statements of the witness Brown had not been withdrawn up to the time of the trial, it was the right of plaintiffs to have the evidence ready on the trial to contradict him; but, after he had admitted on the witness-stand that his first statements in regard to said payments were not correct, it was useless, and not proper, to introduce evidence to show that said payments were not, and could not have been, made on those dates. The facts were before the jury that Brown had made one statement to Holt and Rhodes as to the times of the payments of said checks, and that he testified the payments were made at different times than he had first stated. After Brown had testified and admitted just what the plaintiffs claimed on that matter, there was no need of any further evidence thereon. We think, however, the introduction of the evidence proving an *alibi* for Rice was not prejudicial error, and in a retrial of the case it will not be necessary to introduce evidence upon that point, as the same is no longer an issue.

The petitioner contends that evidence as to custom should be limited to the nature of the transaction involved. While that is true, we have in this case a diversity of opinions as to the nature of the transaction involved. Plaintiffs claim the transaction was one of deposit of check for collection and credit; that the amount of the check was collected, and no credit given. Defendant admits that the check was deposited for collection and credit, but contends that before the check was collected the defendant purchased said check from Rice, one of the plaintiffs, and collected it on its own account, and for that reason the amount collected on said check was not placed to the credit of plaintiffs. The hypothetical questions propounded by the plaintiffs cover the "nature of the transaction" from their standpoint, and those propounded by the defendant cover the "nature of the transaction" from its standpoint. If the plaintiffs introduce evidence of custom in re-

buttal of that introduced by defendant, it should be based on the same state of facts as that introduced by defendant. To introduce evidence of custom on a different state of facts or hypothesis would not be rebuttal. And the court, on a retrial of this suit, should not admit expert evidence of the custom of bankers in rebuttal, unless it is confined to the same state of facts as is the evidence of custom which is sought to be rebutted. The specifications of error numbered from 1 to 9, inclusive, refer to questions propounded to plaintiffs' witness Wagner, and not to witness Hillard, as, by inadvertence, stated in the former opinion. The former opinion is therefore modified as indicated in this opinion, and a rehearing is denied.

Huston and Quarles, JJ., concur.